IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA L. BUTLER, FRANKIE SMITH, )
ANITA SWIFT, and KATHY RUPERT, )
                            )
           Plaintiffs, )
                            )
      v.                      )    No. 06 C 5400
                            )
ILLINOIS BELL TELEPHONE COMPANY, )
d/b/a SBC Ameritech Illinois, )
d/b/a AT&T, )
                            )
           Defendant. )

## **OPINION AND ORDER**

       In this putative class action, named plaintiffs allege
that defendant Illinois Bell Telephone Company, d/b/a SBC
Ameritech Illinois and AT&T ("Illinois Bell") has violated the
Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601-54. The four
remaining named plaintiffs[1]--Lisa Butler, Kathy Rupert, Frankie
Smith, and Anita Swift--were employed by Illinois Bell. Swift is
the only named plaintiff who is currently employed by Illinois
Bell. The First Amended Complaint contains three counts.

---

      [1]On January 11, 2008, on the motion of her counsel, the
claims of Tanisha Ell were dismissed without prejudice to her
pursuing a separate individual action. Ell had stopped
responding to inquiries from her attorneys and failed to appear
for her scheduled deposition. Dianne Brown was dropped as a
named plaintiff when the First Amended Complaint was filed in
June 2007.

Count I is labeled as "Retaliation in Violation of FMLA." Count II is labeled as "Interference with Plaintiff's Substantive Rights under the FMLA." Count III is labeled as "Intentional Infliction of Emotional Stress." Plaintiffs have moved to certify a class as to Counts I and II. They seek certification under Fed. R. Civ. P. 23(b)(1)(A), 23(b)(2), and 23(b)(3). Defendant opposes class certification, contending that Rule 23 does not apply to an FMLA action and that, even if it does, no subdivision of Rule 23 is satisfied.[2]

The provision of the FMLA setting forth a private right of action provides:

> An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of--
>
> (A) the employees; or
> (B) the employees and other employees similarly situated.

29 U.S.C. § 2617(a)(2).

Defendant contends § 2617(a)(2)(B) should be considered to have the same opt-in requirement as 29 U.S.C. § 216(b), the collective action provision of the Fair Labor Standards Act

---

[2] Plaintiffs move to supplement their motion for class certification. That motion will be granted.

("FLSA"), which is also applicable to the Age Discrimination in Employment Act ("ADEA").[3] See generally Nunez v. Pizza Nova, Inc., 2003 WL 23150111 *1 (N.D. Ill. Dec. 30, 2003). Defendant points to there being a similarity between the language in § 2617(a)(2)(B) and some of the language in § 216(b)[4] and legislative history supporting that the FMLA's remedial provisions were patterned after the FLSA's remedial provisions. The difference, however, is that § 216(b) contains additional language expressly requiring that additional plaintiffs consent to join the action.[5] Also, unlike the ADEA, the FMLA contains no language expressly incorporating the provisions of § 216(b). The FMLA does not require that additional plaintiffs affirmatively consent to joining a collective action. Rule 23 applies to FMLA cases. Loy v. Motorola, Inc., 2004 WL 2967069 *2-3 (N.D. Ill.

---

[3]The ADEA expressly incorporates the provisions of § 216(b). 29 U.S.C. § 626(b); King v. General Elec. Co., 960 F.2d 617, 621 (7th Cir. 1992).

[4]Section 216(b) provides in part: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

[5]Immediately after the previously quoted language, § 216(b) provides: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

- 3 -

Nov. 23, 2004), <u>reconsideration denied</u>, 2005 WL 61464 (N.D. Ill.
Jan. 10, 2005).[6]

The burden is on plaintiffs to demonstrate that all the
requirements for class certification are satisfied. <u>Oshana v.
Coca-Cola Co.</u>, 472 F.3d 506, 513 (7th Cir. 2006), <u>cert. denied</u>,
127 S. Ct. 2952 (2007); <u>Retired Chicago Police Ass'n v. City of
Chicago</u>, 7 F.3d 584, 596 (7th Cir. 1993); <u>Dawson v. Allied
Interstate, Inc.</u>, 2005 WL 1692606 *1 (N.D. Ill. July 13, 2005).
Federal Rule of Civil Procedure 23(a) requires that the following
four prerequisites be satisfied: "(1) the class is so numerous
that joinder of all members is impracticable; (2) there are
questions of law or fact common to the class; (3) the claims or
defenses of the representative parties are typical of the claims
or defenses of the class; and (4) the representative parties will
fairly and adequately protect the interests of the class."[7]

_____

[6]In a supplemental submission, defendant cites <u>Clary v.
Southwest Airlines</u>, No. 3:07-CV-0126-P at 3-4 (N.D. Tex. Dec. 17,
2007). In <u>Clary</u>, both sides agreed that § 216(b) applied to FMLA
claims. <u>See</u> <u>id.</u> at 4 n.2. Relying on legislative history
suggesting that the FMLA enforcement scheme was modeled on the
FLSA, the district court followed the parties' agreement. The
court did not specifically address that the FMLA has no provision
incorporating § 216(b) nor acknowledge that <u>Loy</u> had held to the
contrary. The holding in <u>Loy</u> will be followed, not the <u>dictum</u> in
<u>Clary</u>.

[7]Nonsubstantive amendments to Rule 23 went into effect on
December 1, 2007. The current language of the Rule is quoted.

Failure to meet any one of these requirements precludes certification of a class. Retired Chicago Police, 7 F.3d at 596; Dawson, 2005 WL 1692606 at *1; Jackson v. National Action Fin. Serv., Inc., 227 F.R.D. 284, 286 (N.D. Ill. 2005).

If the Rule 23(a) elements are satisfied, plaintiffs must also satisfy one of the subsections of Rule 23(b). Under Rule 23(b)(1)(A), plaintiffs must establish that: "prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). Under Rule 23(b)(2), plaintiffs must establish that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Id. 23(b)(2). Under Rule 23(b)(3), plaintiffs must establish both that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Id. 23(b)(3).

In ruling on class certification, the court has an independent duty to scrutinize the appropriateness of class certification; the court is not limited to arguments made by a party opposing certification. Davis v. Hutchins, 321 F.3d 641, 649 (7th Cir. 2003); In re Gen. Motors Corp. Engine Interchange Litig., 594 F.2d 1106, 1134 (7th Cir. 1979). See also Szabo v. Bridgeport Mach., Inc., 249 F.3d 672, 677 (7th Cir. 2001). Additionally, in determining whether to grant certification, whether a claim will ultimately be successful is not a consideration. Payton v. County of Kane, 308 F.3d 673, 677 (7th Cir. 2002); Rahim v. Sheahan, 2001 WL 1263493 *9-10 (N.D. Ill. Oct. 19, 2001). However, that does not mean that the merits of claims can be completely ignored. The "boundary between a class determination and the merits may not always be easily discernible." Retired Chicago Police, 7 F.3d at 598-99 (quoting Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 895 (7th Cir. 1981)). In order to resolve questions of typicality or whether common questions predominate, it is sometimes necessary to determine the contours of the applicable law. See Szabo, 249 F.3d at 676-77; Retired Chicago Police, 7 F.3d at 598-99 (quoting General Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982)); Jones v. Risk Mgmt.

Alternatives, Inc., 2003 WL 21654365 *2 n.2 (N.D. Ill. July 11, 2003); Peoples v. Sebring Capital Corp., 2002 WL 406979 *2 (N.D. Ill. March 15, 2002).

Plaintiffs' First Amended Complaint does not state a class definition. In their motion, plaintiffs propose the following definition: "Any and all persons employed by Defendant who were subjected to retaliation [or] harassment, or [who] suffered [a] violation of their rights under the Family Medical Leave Act."[8] In their reply, plaintiffs propose a different definition containing two subclasses apparently tracking Counts I and II of the First Amended Complaint.[9]

> All employees of defendant who applied for
> FMLA leave under the challenged policies, and:
>     (1) were subjected to retaliation because
> they applied for FMLA leave, and were
> (a) terminated, (b) harassed, or (c) denied
> promotional opportunities; or
>     (2) whose request for FMLA leave was
> interfered with through implementation of
> defendant's policies.

Even after modifying plaintiffs' proposed language to state what appears to be plaintiffs' intended definitions, the proposed definitions are lacking. Plaintiffs fail to include any

_____

[8]Insertions have been added to correct apparent errors of syntax.

[9]Again, modifications are made to plaintiffs' proposed language in order to add clarity.

time limit. Class members would at least have to be limited to those who met the stated criteria within the applicable statute of limitations.[10] Also, class membership would have to be limited to "eligible employees," that is, employees who met the criteria that qualified them for FMLA leave and rights. See 29 U.S.C. §§ 2611(2), 2617(a)(1); Burnett v. LFW Inc., 472 F.3d 471, 477 (7th Cir. 2006); Staunch v. Continental Airlines, Inc., 511 F.3d 625, 629 (6th Cir. 2008).

Plaintiffs' proposed definitions do not clarify what is meant by an employee of defendant. They do not make clear who the defendant/employer is. Plaintiffs refer to defendant as Illinois Bell Telephone Company doing business as Ameritech and AT&T. Neither the Complaint nor plaintiffs' brief attempts to further define Illinois Bell. Judicial notice is taken that the principal land-line telephone company in the Chicago-area was once known as Illinois Bell, but has since done business as Ameritech, SBC, and AT&T. While those were the names known to the public, the corporate structures may have varied over the years. For purposes of defining a class, the furthest back would be three years prior to the filing of the original complaint on

---

[10]The complaint must be filed within two years of the last event constituting the violation, or three years if the violation is willful. 29 U.S.C. § 2617(c).

October 5, 2006. According to two declarations provided by defendant, the current structure is that Illinois Bell Telephone Company is a subsidiary of AT&T Teleholdings, Inc., which is a subsidiary of AT&T Inc. Paratore Decl. ¶ 3; Harmon Decl. ¶ 1.[11] The declarations do not state if that was true as far back as October 2003. The various declarations submitted by defendant show that AT&T Inc. currently has numerous business units. Some or all of the various business units are assigned employees from multiple AT&T Inc. subsidiaries. Illinois Bell employees are currently assigned to approximately 20 different AT&T Inc. business units, with all or most Illinois Bell employees located in the Midwest. The AT&T Inc. business units that have at least 100 Illinois Bell employees include Midwest Network, Credit & Collections, Midwest Consumer Markets, Global Markets, Midwest Business Communications Services, Network Planning & Engineering, and Customer Information Services. The four named plaintiffs have worked as a Customer Account Specialist in Credit &

_____

[11]Eliska Paratore states that she works for AT&T Services, another subsidiary of AT&T Inc. She is Executive Director of Human Resources for AT&T's Consumer Markets and Business Communications Services business units in the "Company's" Midwest Region. (Paratore does not expressly state what she means by "Company." Presumably, she is referring to AT&T Inc.) Jacqueline Harmon, states she is the Senior Manager of the billing center for Midwest Business Communications Services, but, unlike Paratore, she is an employee of Illinois Bell.

- 9 -

Collections, a Customer Service Representative in Midwest Consumer Markets, a Customer Advocate at the Midwest Business Communications Services billing center, and a Directory Assistance Operator in Customer Information Services.

Defendant objects to defining a class based on members having suffered an FMLA violation. This is a valid objection. Fletcher v. ZLB Behring LLC, 245 F.R.D. 328, 334-35 (N.D. Ill. 2006); Drinkman v. Encore Receivable Mgmt., Inc., 2007 WL 4458307 *2-3 (W.D. Wis. Dec. 7, 2007). Plaintiffs must propose definitions containing definite and objective criteria. At this time, however, it is unnecessary to precisely define the class since, even if a clear definition is proposed, class certification would be denied for other reasons.

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Plaintiffs need not demonstrate the exact number of class members as long as that conclusion is apparent from good-faith estimates. Fletcher, 245 F.R.D. at 335; Bowe Bell + Howell Co. v. Immco Employees' Ass'n, 2005 WL 1139645 *3 (N.D. Ill. May 11, 2005); Lucas v. GC Serv. L.P., 226 F.R.D. 337, 340 (N.D. Ind. 2005). The estimates may be supported by inferences and "common sense assumptions." Fletcher, 245 F.R.D. at 335; Bell + Howell, 2005 WL 1139645

at *3; Lucas, 226 F.R.D. at 340; Maxwell v. Arrow Fin. Serv., LLC, 2004 WL 719278 *2 (N.D. Ill. March 31, 2004). Inferences may be drawn based on the size of the pertinent entity. Lucas, 226 F.R.D. at 340; Ingram v. Corporate Receivables, Inc., 2003 WL 21982152 *2 (N.D. Ill. Aug. 19, 2003). Still, a finding of numerosity cannot be based on conclusory allegations that joinder is impracticable or speculation about the size of the class. Muro v. Target Corp., 2005 WL 1705828 *13 (N.D. Ill. July 15, 2005) (quoting Marcial v. Coronet Ins. Co., 880 F.2d 954, 957 (7th Cir. 1989)); Bell + Howell, 2005 WL 1139645 at *3.

While numerosity may be satisfied in this case, plaintiffs do not present a sufficient basis for such a determination. AT&T Inc. has a centralized FMLA Processing Unit ("FPU") located in Texas. Plaintiffs contend that 1000 new and existing FMLA requests are processed every day. The FPU, however, processes claims for AT&T Inc.; no information is provided regarding how many requests per year are made by Illinois Bell employees. Also, no means is provided for determining how many employees with FMLA requests also suffered an adverse employment action nor how many of those may have suffered such action because of seeking FMLA leave. In their opening brief, plaintiffs assert, without support, that Illinois

Bell has more than 100,000 employees. In their reply, they point to deposition testimony as supporting that Illinois Bell has 166,000 employees. Loper Dep. at 9. That testimony, however, was not limited to the Illinois Bell subsidiary; it spoke to all the AT&T Inc. employees whose requests would be processed by the FPU. A declaration provided by defendant supports that Illinois Bell has more than 10,000 employees. Paratore Decl. ¶ 5. There is no basis for estimating, or even speculating, as to how many of them may have claims that they suffered adverse actions because of filing FMLA claims. Plaintiffs' presentation is insufficient to make a determination that numerosity is satisfied.

Rule 23(a)(4) requires that the named representatives adequately represent the interests of the class. Three elements must be satisfied: "(1) the class representative cannot have antagonistic or conflicting claims with other members of the class; (2) the class representative must have a 'sufficient interest in the outcome to ensure vigorous advocacy;' (3) counsel for the class representative must be competent, experienced, qualified and generally able to conduct the proposed litigation vigorously." Lifanda v. Elmhurst Dodge, 2001 WL 755189 at *3 (N.D. Ill. July 2, 2001) (quoting Chandler v. Southwest

Jeep-Eagle, Inc., 162 F.R.D. 302, 308 (N.D. Ill. 1995)). Accord Dawson, 2005 WL 1692606 at *2; Robles v. Corporate Receivables, Inc., 220 F.R.D. 306, 314 (N.D. Ill. 2004). As to the third element, it is not adequately supported by the present record. Counsel submit no affidavit or declaration setting forth their qualifications. So far in this litigation, there have been a number of delays in discovery caused by plaintiffs' counsel. Substantively, the initial motion for class certification was submitted without any support or argument. Although not presented in court until more than two weeks after it was filed, counsel did not submit a supporting memorandum at that time. When a second motion for class certification and a supporting memorandum were submitted almost two months after the first motion was filed, they were still submitted without any supporting documentation. A deficient class definition is suggested and there is no sufficient support for numerosity. There is also a substantial question as to whether the limited number of attorneys in counsel's office could handle a damages class if damages needed to be individually determined for a large number of class members. Additional submissions, however, might show that counsel are adequate. Presently, however, it is found

that Rule 23(a)(4) is not satisfied.[12]  Cf. Herman v. Central States Se. & Sw. Areas Pension Fund, 2003 WL 22012212 *2 (N.D. Ill. Aug. 22, 2003).

Turning to Rule 23(b) issues,[13] problems with class certification exist that are not likely to be curable. Plaintiffs recite the following alleged violations of the FMLA by defendant:  (1) refusing to give adequate considerations to reasons why employees could not provide medical documentation for FMLA leave within 15 days in violation of 29 C.F.R. § 825.305(b); (2) failing to consider employees' repeated attempts to satisfy the medical document requirements or procedures of the medical providers (including attempts to comply with HIPAA) that interfere with meeting the 15-day deadline; (3) refusing to permit employees to submit FMLA documentation to their local manager; (4) refusing to accept medical certification forms from physicians if the employee completed part of the form; (5) rejecting adequate medical certification; (6) rejecting medical certifications mailed by the employee instead of being

_____

[12]With the exception of the limited discussion below regarding plaintiff Swift and Rule 23(b)(2) certification, no opinion is expressed regarding whether named plaintiffs satisfy the other elements of Rule 23(a)(4) or the typicality requirement of Rule 23(a)(3).

[13]Since class certification is otherwise being denied, it is unnecessary to address all aspects of Rule 23(a).

- 14 -

mailed directly from the physician; (7) failing to identify reasons for denying FMLA leave; (8) flagging employees who used FMLA-leave as potential malingerers and subjecting them to unwarranted investigations; (9) considering absences, including FMLA leave, by a manager's employees in determining bonuses for managers, thus providing an incentive for managers to prevent FMLA leave; (10) taking FMLA-leave into consideration in denying promotional and training opportunities and when considering discipline or discharge; and (11) harassing or retaliating against employees because they took FMLA leave, including discharging them. For present purposes, it will be assumed that defendant has engaged in this alleged conduct.

In order to certify a class under Rule 23(b)(3), it must be found both that common questions predominate over questions affecting only individual class members and that a class action is the superior method for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3); Hudson v. City of Chicago, 242 F.R.D. 496, 503 (N.D. Ill. 2007). If liability determinations will be individual and fact-intensive, Rule 23(b)(3) certification is inappropriate. Id.; Walker v. Bankers Life & Cas. Co., 2007 WL 2903180 *7 (N.D. Ill. Oct. 1, 2007); Miller v. Janssen Pharmaceutica Prod., L.P., 2007 WL 1295824 *7 (S.D. Ill. May 1, 2007). In this case,

determining whether a class member's FMLA rights were interfered with would require individualized examination of the employee's entitlement to FMLA leave. See Burnett, 472 F.3d at 477. Given plaintiffs' allegations, as to many or most class members, it would also be necessary to consider the manner in which leave was denied and/or the grounds for denial. The predominance requirement of Rule 23(b)(3) is not satisfied. Cf. Alexander v. Ford Motor Co., 204 F.R.D. 314, 322 (E.D. Mich. 2001). Determinations of FMLA retaliation are even more fact intensive because they require proof that the appropriate decisionmaker acted with the necessary intent. See Burnett, 472 F.3d at 481. This often requires resolution of issues such as whether the employee was treated less favorably than others, whether those others were similarly situated, whether the employee was meeting Illinois Bell's legitimate expectations, and whether Illinois Bell had another legitimate basis for taking the pertinent adverse employment action. See id. at 482. As to the retaliation claims, individual issues would also predominate. Cf. Mason v. Granholm, 2007 WL 2541769 *3 (E.D. Mich. Aug. 31, 2007). This is not an appropriate case for certification of a Rule 23(b)(3) class. Ordinarily retaliation claims are not suitable for class certification.

Plaintiffs also seek certification pursuant to Rule 23(b)(1)(A). They seek to show that class members' FMLA rights were violated in the past and that they are entitled to damages related to these violations. Rule 23(b)(1)(A) certification generally is inappropriate when the action is for money damages. McDaniel v. Qwest Commn'c Corp., 2006 WL 1476110 *11 (N.D. Ill. May 23, 2006); Rowell v. Voortman Cookies, Ltd., 2005 WL 2266607 *4 (N.D. Ill. Sept. 14, 2005). See also Bell + Howell, 2005 WL 1139645 at *5 (quoting In re Dennis Greenman Secs. Litig., 829 F.2d 1539, 1544 (11th Cir. 1987)) ("[C]ourts reason that inconsistent standards for future conduct are not created because a defendant might be found liable to some plaintiffs and not others."). The present case is not an appropriate case for certifying a Rule 23(b)(1)(A) class.[14]

Still to be considered is a Rule 23(b)(2) class. If such a class were to be certified, it would be limited to injunctive issues. Defendant contends it would be inappropriate to certify a Rule 23(b)(2) class since plaintiffs seek monetary damages. However, as long as there is no conflict of interest that prevents them from adequately representing the class, it is

_____

[14]Even if plaintiffs were to limit Rule 23(b)(1)(A) certification to injunctive relief, Rule 23(b)(2) would be the more appropriate Rule to apply. See Jefferson v. Ingersoll Int'l Inc., 195 F.3d 894, 897 (7th Cir. 1999).

permissible to allow named plaintiffs to seek monetary relief on
their own behalf while certifying a Rule 23(b)(2) class for
injunctive relief only. Allen v. International Truck & Engine
Corp., 358 F.3d 469, 470-71 (7th Cir. 2004); Walters v. Thompson,
615 F. Supp. 330, 335 (N.D. Ill. 1985); Lewis v. Tully, 96 F.R.D.
370, 378 (N.D. Ill. 1982); Hilton v. Wright, 235 F.R.D. 40,
52-53 (N.D.N.Y. 2006). In order to be an adequate class
representative, a named plaintiff must have had standing at the
time the complaint was filed. Portis v. City of Chicago,
347 F. Supp. 2d 573, 576 (N.D. Ill. Nov. 24, 2004); Gilmore v.
Southwestern Bell Mobile Sys., L.L.C., 2002 WL 548704 *4 (N.D.
Ill. April 8, 2002). A plaintiff seeking injunctive relief must
show that he or she is currently suffering some injury or is in
immediate danger of sustaining a direct injury. The injury or
threat of injury must be both real and immediate, not conjectural
or hypothetical. Past exposure to violative conduct is
insufficient unless accompanied by a continuing adverse effect.
Piggee v. Carl Sandburg College, 464 F.3d 667, 673 (7th Cir.
2006) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 102
(1983)); Hawkins v. Groot Ind., Inc., 2003 WL 22057238 *2 (N.D.
Ill. Sept. 2, 2003) (quoting Koski v. Gainer, 1993 WL 153828 *4
(N.D. Ill. May 6, 1993)).

The former employees of Illinois Bell cannot have
standing to pursue injunctive relief. Smith v. Nike Retail

- 18 -

<u>Serv., Inc.</u>, 234 F.R.D. 648, 666 (N.D. Ill. 2006); <u>Hawkins</u>, 2003 WL 22057238 at *2. That leaves plaintiff Swift as the only possible representative for a Rule 23(b)(2) class. Neither the First Amended Complaint nor plaintiffs' class certification briefs contain any allegations or representations regarding Swift's particular situation. Swift does not dispute defendant's description of her individual claim as being that she was retaliated against for taking FMLA leave. The alleged retaliation is that her opportunities for promotion were limited because she was denied temporary assignments as a manager and she was not given a PIN for accessing certain promotional information. There is no allegation that Swift was denied FMLA leave.

On the limited facts provided, it cannot be determined that Swift is in any continuing and imminent danger of being denied further FMLA leave. It also cannot be determined whether she continues to be interested in promotional opportunities and continues to face the threat of retaliation. Plaintiffs have not met their burden of showing that any of them has standing to pursue injunctive relief.[15] Even if Swift has standing, plaintiffs also provide insufficient information to meet their

---

[15]Since standing is a jurisdictional requirement that can be raised <u>sua sponte</u> by the court, the prayer for injunctive relief will be dismissed from this action without prejudice.

burden of showing that Swift would be an adequate class representative or satisfy the typicality requirement.

This case will proceed as individual actions on behalf of the four remaining plaintiffs. Plaintiffs have requested an extension of discovery until April 30, 2008. All discovery shall be completed by April 25, 2008. A status hearing will be held on April 30, 2008 at 11:00 a.m.

IT IS THEREFORE ORDERED that plaintiffs' motion to supplement [74] is granted. Plaintiffs' motion to certify class [44] is denied. Plaintiffs' motion to extend discovery [79] is granted in part and denied in part. All discovery is to be completed by April 25, 2008. Plaintiffs' prayer for injunctive relief is dismissed without prejudice for lack of subject matter jurisdiction. A status hearing will be held on April 30, 2008 at 11:00 a.m.

ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 14 , 2008